**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP**

---------------------------------------------------------------------x

In re:

ACCLAIM ENTERTAINMENT, INC.,

Debtor.

---------------------------------------------------------------------x

SHARON CROISSANT, STEEV KELLY, and NOAH LEE, on behalf of themselves and on behalf of the other former employees of Defendant who worked at Defendant's Austin, Texas facility and were terminated on or about August 24, 2004 or during the 30-day period ending on that date or as the reasonably expected consequence of the shutdown of that facility on that date,

- and -

JAMES ACKERMAN and the individuals listed on Exhibit A annexed hereto who were former employees of Defendant, who worked at Defendant's Glen Cove, New York facility and were terminated on or about August 24, 2004 or during the 30-day period ending on that date or as the reasonably expected consequence of the shutdown of that facility on that date,

Plaintiffs,

against

ACCLAIM ENTERTAINMENT, INC.,

Defendant.

---------------------------------------------------------------------x

Chapter 7

Case No. 8-04-85595 (SB)

Adv. Proc. No.

**COMPLAINT**

**CLASS AND
INDIVIDUAL ACTION**

Plaintiffs, by and through their undersigned counsel, as and for their Complaint against Defendant, allege as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367 and 29 U.S.C. § 2104 (a) (5).

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b) (2) (A), (B) and (O).

## NATURE OF THE ACTION

3. In the Class action claim, Plaintiffs Sharon Croissant, Steev Kelly, and Noah Lee seek to recover for themselves and for each of the other former employees of Defendant who worked at Defendant's Austin, Texas facility and were terminated on or about August 24, 2004 or during the 30-day period ending on that date or as the reasonably expected consequence of the shutdown of that facility on that date (the "Class"), damages in the amount of 60 days' pay and ERISA benefits for each Class member by reason of the Defendant's violation of their rights under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act") by ordering the shutdown of that facility without giving them 60 days' advance written notice. In the individual claim, Plaintiff James Ackerman and the individuals listed on Exhibit A hereto who worked at Defendant's Glen Cove, New York facility and were terminated on or about August 24, 2004 or during the 30-day period ending on that date or as the reasonably expected consequence of the shutdown of that facility on that date (the "New York Plaintiffs") each seek to recover 60 days' pay and ERISA benefits by reason of Defendant's violation of their rights under the WARN Act by ordering the shutdown of that facility without giving 60 them days' advance written notice.

## PARTIES

4. On information and belief, at all relevant times, Defendant Acclaim Entertainment, Inc. ("Defendant") was a corporation duly existing corporation that was authorized to conduct business in the state of New York.

5. At all relevant times, the Defendant employed within the United States 100 or more employees, exclusive of part-time employees, i.e., those employees who had worked fewer than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 90 days prior to the date notice was required to be given (the "Part-Time Employees") or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of overtime hours.

6. On information and belief, at all the relevant times, the Defendant operated a facility located at 901 Mopac Expressway South, Burton Oaks Plaza, Suite 300, Austin, Texas 78746 (the "Texas Facility").

7. On information and belief, at all relevant times, the Defendant operated a facility located at One Acclaim Plaza, Glen Cove, New York 11542 (the "New York Facility").

8. On or about September 1, 2004, the Defendant filed with this Court a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code.

9. Until their termination by the Defendant, each member of the Class was an employee of the Defendant who worked at the Texas Facility.

10. The terminations of Defendant's employees that occurred on or about August 24, 2004 at the Texas Facility or during the 30-day period ending on that date or as the reasonably expected consequence of those terminations resulted in the loss of employment for at least 50 of the Defendant's employees excluding Part-Time Employees.

11. Until their termination, each of the New York Plaintiffs was an employee of the Defendant who worked at the New York Facility.

12. The Defendant terminated the employment of each of the New York Plaintiffs without cause on their part.

13. The terminations of Defendant's employees that occurred on or about August 24, 2004 at the New York Facility or during the 30-day period ending on that date or as the reasonably expected consequence of those terminations resulted in the loss of employment for at least 50 of Defendant's employees excluding Part-Time Employees.

## THE FIRST CLAIM:  THE CLASS CLAIM  OF THE TEXAS EMPLOYEES

14. Plaintiffs Sharon Croissant, Steev Kelly and Noah Lee (the "Texas Plaintiffs") reallege the allegations of paragraphs 1 through 13 hereof.

15. The New York Plaintiffs together with approximately 130 other former employees who worked at the Texas Facility and were terminated on or about August 24, 2004 or as the reasonably expected consequence of the plant closing that occurred on or about August 24, 2004 or within the 30-day period ending on that date, constitute a class within the meaning of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

16. Each member of the Class is similarly situated to the Texas Plaintiffs in respect to his or her rights under the WARN Act.

17. Each member of the Class was discharged without cause on his/her part on or about August 24, 2004, or as the reasonably expected consequence of the plant closing at the Texas Facility or within the 30-day period ending on the date of the plant closing.

18. The Defendant was required by the WARN Act to give each member of the Class at least 60 days' advance written notice of his or her termination.

19. Prior to their termination, no member of the Class received 60 days' advance written notice.

20. The Defendant failed to give written notice to each of the Class Members that contained the following information:

      a)     A statement as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a statement to that effect;

      b)     The expected date when the plant closing or mass layoff will commence and the expected date when the individual employee will be separated;

      c)     An indication whether or not bumping rights exist; and

      d)     The name and telephone number of a company official to contact for further information.

21. Common questions of law and fact are applicable to all members of the Class.

22. The common questions of law and fact applicable to all members of the Class include, among others, the following: all Class members enjoyed the protection of the WARN Act; all Class members were employees of the Defendant who worked at the Texas Facility; the Defendant terminated the employment of all the members of the Class without cause on their part; the Defendant terminated the employment of the members of the Class without giving them at least 60 days' prior written notice; the Defendant failed to pay the Class members wages and to provide benefits for a 60-day period following their respective terminations; and on information and belief, the issues raised by any affirmative defenses asserted by the Defendant.

23. The Texas Plaintiffs' claims are typical of the claims of the other members of the Class in that for each of the several acts described above, the Texas Plaintiffs suffered damages of the same nature and for the same reasons as the damages suffered by other members of the Class.

24. The Texas Plaintiffs will fairly and adequately protect and represent the interests of the Class.

25. The Texas Plaintiffs have the time and resources to prosecute this action and have retained counsel who have had extensive experience litigating class claims under the WARN Act in bankruptcy and district court.

26. The Class is so numerous as to render joinder of all members of the Class impracticable in that there are approximately 130 Class members.

27. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members.

28. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

29. No member of the Class has an interest in individually controlling the prosecution of the action.

30. No member of the Class has commenced litigation concerning the subject matter of the Class action.

31. Concentrating the WARN Act claims of the Class members in this proceeding will save the resources of the court and the parties and avoid inconsistent results.

32. The Defendant's records contain the name and a recent residence address of each Class member as well as the wages and benefits being paid to each Class member at the time of their termination.

33. The Class members did not receive notice from the Defendant or this Court of the date by which claims against the Defendant were required to be filed with the Court.

34. The Defendant failed to pay any member of the Class his/her respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 calendar days following their respective terminations and failed to make the pension and 401(k) contributions,

provide other employee benefits and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

35. As a result of the Defendant's violation of the WARN Act, each Class member has been damaged in an amount equal to the sum of: (a) his/her respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation pay for 60 calendar days; (b) the Defendant's pension contributions, the Defendant's 401 (k) contributions, the cost to the Defendant of health and medical insurance and other fringe benefits that he/she would have received or had the benefit of receiving, for a period of 60 calendar days after the dates of their respective terminations; and (c) the medical expenses that he/she incurred during such period that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for such period.

36. The claim of each Class member asserted herein is a claim for wages that arose within 90 days of his/her termination.

37. Pursuant to 11 U.S.C. § 507(a)(3), each Class member is entitled to an unsecured wage priority unsecured claim as to the first $4,925 of his or her WARN Act claim. The balance of each Class member's WARN Act claim constitutes a general unsecured claim.

### THE SECOND CLAIM: THE INDIVIDUAL
### CLAIMS OF THE NEW YORK PLAINTIFFS

38. The New York Facility Plaintiffs reallage the allegations of paragraphs 1 through 13 hereof.

39. The Defendant failed to give each of the New York Plaintiffs 60 days' advance written notice of their termination.

40. The Defendant failed to give written notice to each of the New York Plaintiffs that contained the following information:

(a) A statement as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a statement to that effect;

(b) The expected date when the plant closing or mass layoff will commence and the expected date when the individual employee will be separated;

(c) An indication whether or not bumping rights exist; and

(d) The name and telephone number of a company official to contact for further information.

41. The Defendant failed to pay the New York Plaintiffs their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 calendar days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

42. As a result of the Defendant's violation of the WARN Act, each New York Plaintiff has been damaged in an amount equal to the sum of: (a) his/her respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation pay for calendar days; (b) the Defendant's pension contributions, the Defendant's 401 (k) contributions, the cost to the Defendant of health and medical insurance and other fringe benefits that he/she would have received or had the benefit of receiving, for a period of 60 calendar days after the dates of their respective terminations; and (c) medical expenses that he/she incurred during such period that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for such period.

43. The claims of each of the New York Plaintiffs is a claim for wages that arose within 90 days of their respective terminations.

44. Pursuant to 11 U.S.C. § 507(a)(3), each New York Plaintiff is entitled to an unsecured wage priority claim as to the first $4,925 of his or her WARN Act claim. The balance of each New York Plaintiff's WARN Act claim is a general unsecured claim.

WHEREFORE, Plaintiffs demand judgment against the Defendant as follows:

A. Certification that the Texas Plaintiffs and the other former employees of Defendant who worked at the Texas Facility and were terminated without cause on their part on or about August 24, 2004 or during the 30-day period ending on that date or as the reasonably expected consequence of those terminations constitute a single class;

B. Appointment of Plaintiffs Sharon Croissant, Steev Kelly and Noah Lee as Representatives of the Class;

C. Appointment of the undersigned as Class Counsel;

D. An allowed claim, of which the first $4,925 is a wage priority claim and the balance is a general unsecured claim, in favor of each of the Class members and the New York Plaintiffs equal to the sum of: (a) wages, salary, commissions, bonuses, accrued pay for personal days, and accrued vacation pay for 60 calendar days, (b) the Defendant's pension and 401(k) contributions, the Defendant's contributions to health, medical and other insurance plans and the cost to Defendant of other fringe benefits for 60 calendar days, had that coverage continued for that period, and (c) the medical expenses incurred during that period by each Class member and New York Plaintiff that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for such period.

      E.    An allowed administrative priority claim for the reasonable attorneys' fees and the costs and disbursements that the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. §2104(a)(6); and

      F.    Such other and further relief as this Court may deem just and proper.

Dated: December 6, 2004

                    LANKENAU & MILLER, LLP

                    By:    /s/ John C. Lankenau
                           John C. Lankenau (JCL 6653)
                           Stuart J. Miller (SJM 4276)
                           1775 Broadway, Suite 610
                           New York, New York 10019
                           (212) 581-5005

                  THE NLG MAURICE AND JANE SUGAR
                  LAW CENTER FOR ECONOMIC AND
                  SOCIAL JUSTICE

                         Mark Fancher
                         Julie Hurwitz
                         733 St. Antoine Street, 3rd Floor
                         Detroit, Michigan 48226
                         (313) 962-6540

                         Attorneys for Plaintiffs