LaMonica Herbst & Maniscalco, LLP
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
(516) 826-6500
Salvatore LaMonica, Esq. (SL#2148)
Noelle B. Fischer, Esq. (NBF #1784)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
AT CENTRAL ISLIP

------------------------------------------------------------------x
In re:

                                                                                     Chapter 7

ACCLAIM ENTERTAINMENT, INC.,                Case No: 804-85595-288

                Debtor.
------------------------------------------------------------------x

### APPLICATION TO RETAIN HOFHEIMER GARTLIR & GROSS, LLP, AS SPECIAL LITIGATION COUNSEL TO PURSUE THE PROSECUTION OF A PENDING LAWSUIT ON BEHALF OF THE TRUSTEE PURSUANT TO 11 U.S.C. §§327, 328 AND 330

The Application ("Application") of Allan B. Mendelsohn, Esq., the Chapter 7 Trustee (the "Trustee") of the estate of Acclaim Entertainment, Inc., (the "Debtor" or "Acclaim"), by his attorneys LaMonica Herbst & Maniscalco, LLP, seeking to employ Hofheimer Gartlir & Gross, LLP ("HG&G"), as Special Litigation Counsel, pursuant to Section 327(e) of the Unites States Bankruptcy Code (the "Bankruptcy Code"), to pursue the prosecution of <u>Annodeus, Inc. v. Eugene Ciarkowski, et al.</u>, Case No. 04-CV 01633 (DCL) (the "Annodeus Litigation") pending in the United States District Court for the Southern District of New York, on behalf of the Trustee and the estate in accordance with Sections 327(e), 328 and 330 of Title 11 of the United States Code (the "Bankruptcy Code"), respectfully sets forth and represents:

### BACKGROUND

1.       On September 1, 2004 (the "Filing Date"), Acclaim Entertainment, Inc. (the "Debtor") filed a voluntary petition for relief pursuant to Chapter 7 of Title 11 of the Bankruptcy Code.

2.       By Notice of Appointment, Allan B. Mendelsohn, Esq., was appointed the interim Chapter 7 Trustee of the estate and has since duly qualified and is the permanent Trustee of the

estate.

3. Prior to the Filing Date, the Debtor was engaged in the business of developing, publishing, marketing and distributing, under its own brand name, interactive entertainment software for a variety of hardware platforms, including SONY Playstation 2, Microsoft's X Box, and on a more limited basis, Nintendo's Game Cube and personal computer systems. The Debtor developed software internally, as well as through the employment of third party developers, and distributed its software worldwide. Shares of the Debtor's common stock were traded on the NASDAQ market.

4. Additionally, the Debtor operated several wholly-owned subsidiary corporations one of which, Annodeus Inc., a Delaware corporation, had its sole place of business located in the Debtor's office in Glen Cove, New York.[1]

5. Utilizing funding provided by Acclaim, commencing in the middle of 1999 and continuing through February 2000, Annodeus entered into a series of transactions with a corporate entity known as HHG Corp. d/b/a Extreme Championship Wrestling ("HHG"). The transactions involved Annodeus' purchase of a 15% equity interest in HHG, a $1,525,000.00 loan from Annodeus to HHG, and a license from HHG to Annodeus for Wrestling Videos. As collateral for the loan, Annodeus received a security interest and liens on all of HHG's assets.

6. On April 6, 2001, HHG filed a petition in the United States Bankruptcy Court for the Southern District of New York, under Chapter 11 of the Bankruptcy Code. Thereafter, the case was converted to a case under Chapter 7 of the Bankruptcy Code.

7. After the conversion of HHG's bankruptcy case, Sachs & Kamhi, P.C. ("S&K") was retained by the Debtor and Annodeus to represent Annodeus on its claims against HHG. Gary B. Sachs, Esq., was the attorney primarily responsible for the work performed on behalf

---

[1] In fact, Annodeus is the wholly-owned subsidiary of a corporate entity known as T&M Holdings Inc. ("T&M"). T&M, in turn is a wholly-owned subsidiary of the Debtor. As of the Filing Date, the officers and directors of Annodeus resigned and Annodeus in no longer an operating entity. It's sole asset is the lawsuit which is the subject of this application.

of the Debtor and Annodeus. S&K represented Annodeus until August 1, 2002, when Gary B. Sachs, Esq., became a member of HG&G.  Thereafter, HG&G acted as counsel to Annodeus and the Debtor in the Annodeus Litigation.

8. HG&G played a significant role in assisting HHG's chapter 7 trustee in discovering and liquidating HHG's assets. From the proceeds of the sale of HHG's assets, Annodeus received $1,700,000.00 in payment of its liens and $300,000.00 for cancellation of its video license. Annodeus, a guarantor of the Debtor's secured obligations to GMAC CF, turned over the $2,000,000.00 from the sale and license cancellation to GMAC CF.  The $2,000,000.00 settlement was in full and complete satisfaction of any and all claims that Annodeus/Acclaim had against HHG, its officers and directors. However, carved out of that settlement agreement were any causes of action that Annodeus had against three individuals Eugene Ciarkowski, Eugene R. Boffa, and Steven Karl; the law firm of Boffa, Shaljian, Cammarata & O'Connor, LLC (of which Ciarkowski and Boffa were members); and a business entity ECW Management Group that the three individuals, Boffa, Ciarkowski and Karel participated in.

9. Thereafter the Annodeus Litigation was commenced against the above described defendants, for causes of action involving fraud, negligence and conversion of collateral and is currently pending in the Southern District of New York. The complaint seeks damages totaling approximately $3,000,000.00, plus applicable costs including attorneys fees.

## THE APPLICATION

10. By this Application, the Trustee seeks the Court's authority, pursuant to §§327(e), 328 and 330 of the Bankruptcy Code, to retain HG&G to pursue the prosecution of claims against the former officers and directors of the Debtor on behalf of the Trustee and the estate.

11. Section 327(e) of the Bankruptcy Code provides, in relevant part: "...the Trustee, with the Court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best

interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. §327(e).

12. Moreover, §327(c) provides: "...a person is not disqualified for employment under this Section solely because of such persons employment by or representation of a creditor, unless there is objection by another creditor or the United States Trustee, in which case the Court shall disapprove such employment if there is an actual conflict of interest." 11 U.S.C. §327(c).

13. The Trustee requires the services and expertise of HG&G to pursue the prosecution of the Annodeus Litigation on behalf of the Trustee and the estate. Accordingly, the Trustee has decided, subject to the Court's approval, to retain HG&G to provide the required services.

14. HG&G is a firm which has experience in this area of litigation and is intimately familiar with the facts and proceedings in the Annodeus Litigation. It is the Trustee's belief that HG&G has the experience and qualifications required to assist the Trustee by prosecuting Annodeus Litigation, as well as the necessary familiarity with the facts and circumstances surrounding the case. As set forth in the annexed Retention Agreement, the scope of HG&G's retention is limited to the prosecution of the Annodeus Litigation.

15. The fees for the services to be provided to the estate by HG&G are set forth with particularity in the Affidavit in Support of this Application, a copy of which is annexed hereto as Exhibit "A," and the Retention Agreement entered by and between the Trustee and HG&G subject to this Court's approval. The Trustee submits that the terms of HG&G's retention is fair and reasonable under the circumstances.

16. Additionally, HG&G has agreed that it shall not file an administrative claim in this case, and any fees or disbursements awarded will be paid solely from any recovery obtained in the Annodeus Litigation.

17. No prior application for the relief sought herein has been made to this or any

other Court by the Trustee.

**WHEREFORE**, the Trustee requests the entry of an order authorizing the retention of HG&G, as special counsel to the Trustee and the estate as described herein and for such other, further and different relief as this Court may deem just and proper.

Dated: Wantagh, New York
       June 8, 2005

                            **LAMONICA HERBST & MANISCALCO, LLP**
                            Attorneys for Allan B. Mendelsohn, Chapter 7 Trustee
                            of Acclaim Entertainment, Inc.

                By:    */s/ Salvatore LaMonica*
                            Salvatore LaMonica, Esq. (SL#2148)
                            A Member of the Firm
                            3305 Jerusalem Avenue
                            Wantagh, New York 11793
                            (516) 826-6500

*Acclaim Entertainment\Retention Orders\BWEM\Application to retain HG&G.wpd*